IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**EDOUARD CLAYPOOL,**
**No. 39385-044,**

**Petitioner,**

vs.                                                     Case No. 14-cv-686-DRH

**WARDEN OF MARION PENITENTIARY,**

**Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

Petitioner, currently incarcerated in the USP-Marion, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the execution of his sentence. He pled guilty to being a felon in possession of a firearm, and was given a 45-month sentence. *United States v. Claypool*, Case No. 12-cr-0099 (E.D. Mo., Oct. 5, 2012). The judgment specified that this sentence was to be served concurrently to a state sentence petitioner was already serving in Case No. 0722-CR03650-01 (Doc. 45 in criminal case).

Petitioner claims that he was held in the custody of the United States Marshal from March 21, 2012, until his federal sentencing on October 5, 2012. He asserts that he should be given credit against his 45-month sentence for this time spent in custody, a period of nearly seven months (Doc. 1, pp. 2, 6, 8).

Without commenting on the merits of petitioner's claims, the Court concludes that the petition survives preliminary review under Rule 4 and Rule 1(b)[1] of the Rules Governing Section 2254 Cases in United States District Courts.

**IT IS HEREBY ORDERED** that respondent shall answer or otherwise plead within thirty days of the date this order is entered (on or before **August 4, 2014**).[2] This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later

---

[1] Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

[2] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only. See SDIL-EFR 3.

than seven (7) days after a transfer or other change in address occurs.  Failure to provide such notice may result in dismissal of this action.  See Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

Signed this 3rd day of July, 2014.

Digitally signed by David R. Herndon
Date: 2014.07.03 15:06:56 -05'00'

**Chief Judge**
**United States District Court**